IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MAI NGUYEN** and **KHOA PHUNG**, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 17 C 3304 |
| **ISKENDER ASANOV** and **SPHAN RIDE, INC.**, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Mai Nguyen ("Nguyen") and Khoa Phung ("Phung") have just filed a personal injury action against Iskender Asanov ("Asanov") and Sphan Ride, Inc. ("Sphan"), complaining of personal injuries stemming from an automobile accident assertedly attributable to driver Asanov and his employer Sphan two years ago when Nguyen and Phung were visiting in Chicago (Complaint ¶ 4 identifies both of them as residents of Harris County in the State of Texas). This memorandum order is issued sua sponte to address some problems or possible problems disclosed by the allegations of the Complaint (which are of course accepted as true at this threshold stage of the litigation).

Most importantly, Complaint ¶ 5 refers only to the Texas residence (rather than state of citizenship) of Nguyen and Phung, while Complaint ¶ 5 similarly refers to Asanov's Illinois residence. On that score our Court of Appeals has held more than once, as set out in <u>Adams v. Catrambone</u>, 359 F. 3d 858, 861 n.3 (7th Cir. 2004):

> When the parties allege residence but not citizenship, the district court must dismiss the suit.

This Court has had frequent occasion to remark on the Draconian nature of that directive, which would force the payment of another filing fee if (as is most frequently but not always the case) the individual parties' residences coincide with their states of citizenship, so that diversity (and hence access to this federal court) do exist.  Accordingly no order of dismissal will be entered at this time, but the Nguyen-Phung counsel must cure the defect identified here by filing an appropriate amendment to the Complaint on or before May 19, 2017, else this Court would be constrained to dismiss this action for want of a showing of federal subject matter jurisdiction.

One other aspect of the Complaint calls for a bit of explanation.  It is signed on behalf of a Texas law firm, but in this District Court only individuals (and not firms) are authorized to practice law.  It is true that "John Bruster Loyd" has signed on behalf of the firm, but he is identified as a member of the Texas bar, although "Member Northern District of Illinois" is listed below his name.  If he is indeed admitted to practice in this state, that cryptic statement ought to clarified, but in any event future filings should adhere to the local requirement in this District.

These matters are of course technicalities (though the first of them is jurisdictional in diversity jurisprudence).  On the premise that the subjects mentioned here will be addressed appropriately, this Court is contemporaneously issuing an initial scheduling order, including the setting of a status hearing date.

                                                                          _____
                                                                          Milton I. Shadur
                                                                          Senior United States District Judge

Date:  May 5, 2017