# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| **MAI NGUYEN and KHOA PHUNG** § | | |
| Plaintiffs, § | | |
| § | | |
| § | | |
| v. § | | |
| § | **CAUSE NO.** | |
| § | | |
| § | | |
| **ISKENDER ASANOV and SPHAN RIDE,** § | **JURY DEMANDED** | |
| **INC.** § | | |
| Defendants § | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES**, PLAINTIFFS MAI NGUYEN and KHOA PHUNG,, (hereinafter referred to as "Plaintiffs") and complain of Defendants .ISKENDER ASANOV and SPHAN RIDE, INC., (hereinafter collectively referred to as "Defendants") and for cause of action would show the Court as follows:

### I.  INTRODUCTION

  1.  This lawsuit arises from an automobile accident that occurred in Cook County, Illinois on or about May 3, 2015.

### II.  JURISDICTION

  2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the minimum sum or value required thereunder, exclusive of interest and costs, and is an action between citizens of different states. Plaintiffs seek monetary recovery of at least $100,000.00 in damages.

### III. VENUE

3. Prosecution of this action in this district is proper under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and the Defendants' that are the subject of this action are reside and conduct business within this district.

### IV. THE PARTIES

4. Plaintiffs Mai Nguyen and Khoa Phung are persons of the full age of majority and are citizens of State of Texas, Harris County.

5. Defendant Iskender Asanov (hereinafter "Asanov") is an individual and citizen of Cook County, Illinois, within this district. Defendant Asanov may be served with process at his residence located at 5262 W. Windsor Apartment 2, Chicago, Illinois, 60630.

6. Defendant Sphan Ride, Inc., (hereinafter "Sphan Ride") is a corporation domiciled in Illinois and has its principal place of business in Cook County, Illinois, and is doing business in the State of Illinois within the jurisdiction of this Honorable Court. Defendant is a validly existing Illinois corporation that may be served by serving its registered agent for service, Ali Poorian located at 2800 Peterson, Suite 202, Chicago, Illinois 60659 or wherever he may be found.

### V. FACTUAL BACKGROUND

7. Plaintiffs Mai Nguyen and Khoa Phung were visitors to Chicago, Illinois from their home state of Texas. During their stay in Chicago, Illinois, on or about May 3, 2015, Plaintiffs were passengers in a motor vehicle operated by Defendant Asanov and owned by Defendant Sphan Ride. It is believed that Defendant Sphan Ride is the employer of Defendant Asanov, and the vehicle Asanov was operating, a 2014 Toyota Camry, was a commercial vehicle utilized to transport passengers in the Chicago, Illinois, area.

8. At approximately 3:35 P.M. C.S.T., Defendant Asanov travelling northbound in the

700 block of Michigan Avenue in Defendant Sphan Ride's 2014 Toyota Camry. Plaintiffs Mai Nguyen and Khoa Phung were passengers in the vehicle.

9. Defendant Asanov was operating the 2014 Toyota Camry in the right lane. Defendant Asanov then attempted to change lanes from the right lane to the left lane.

10. Defendant Asanov was not paying attention to his driving when attempting his lane change and did not observe whether or not it was clear and safe to do so. As Defendant Asanov attempted the unsafe lane change, Defendant Asanov crashed into a 2012 Nissan Rouge that was driven by Jeffrey Krolak.

11. The collision caused property damage and the Plaintiffs' Mai Nguyen and Khoa Phung were injured as a result of the accident.

12. Chicago Police Department sent a police officer whose name is unknown, but whose bage number is 1802. This police officer investigated the accident and determined that Defendant Asanov was the sole and proximate cause of the collision.

## VI. FIRST CLAIM FOR RELIEF
## CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT ASANOV

13. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

14. Defendant Asanov's conduct was negligent, in one or more of the following ways:

(a) He failed to control his speed;

(b) He failed to maintain assured clear stopping distance;

(c) He failed to timely apply his brakes to avoid the collision;

(d) He failed to do a proper lookout;

(e) He failed to apply the brakes;

(f) He failed to take evasive action in order to avoid the accident;

(g) He failed to obey a traffic control device;

 (h) He otherwise failed to operate the motor vehicle as a reasonable driver of ordinary prudence would have done in the same of similar circumstances.

15. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the injuries to Plaintiffs resulting damages. In addition, the above-mentioned actions and/or omissions constituted negligence *per se,* in that they violated one or more traffic laws of the State of Illinois. In this regard, Plaintiffs would show as follows:

 (a) Defendant Asanov, without excuse, violated said statutes;

 (b) Said violations were the proximate cause of the occurrence; and,

 (c) Plaintiffs were among the class of persons for whose benefit and protection said statutes were enacted.

### VII. RESPONDEAT SUPERIOR

16. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

17. Defendant Sphan Ride is the statutory employer of Defendant Asanoz. Defendant Sphan Ride is liable for the negligence conduct of their statutory employee Defendant Asanov and for the damages inflicted upon the Plaintiffs by Defendant Asanov.

### VIII. SECOND CLAIM FOR RELIEF NEGLIGENT ENTRUSTMENT OF A MOTOR VEHICLE AGAINST DEFENDANT SPHAN RIDE, INC.

18. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

19. Defendant Sphan Ride is the owner of the 2014 Toyota Camry that was being operated by Defendant Asanov. Defendant Sphan Ride knew or should have known that Defendant Asanov was a dangerous and unsafe driver. Despite this knowledge, Defendant Sphan Ride, negligently entrusted the 2014 Toyota Camry to Defendant Asanov and Defendant Asanoz subsequently injured

the Plaintiffs.

## IX. DAMAGES

20. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

21. Upon a trial of this case, the evidence will show that Plaintiffs suffered injuries and damages as a result of the negligence and gross negligence of the Defendants as already alleged.

22. There are certain elements of damages provided by law that Plaintiffs are entitled to have the Jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for the injuries, damages and losses incurred, and to be incurred. Those elements are as follows:

(a) Past reasonable and necessary medical expenses;

(b) Pain and suffering;

(c) Loss of companionship and society that, in reasonable probability, will be sustained in the future;

(d) Past physical impairment;

(e) Past mental anguish sustained in the past; and,

(f) Mental anguish that, in reasonable probability, will be sustained in the future.

## X. JURY DEMAND

22. Plaintiffs make a formal demand for a jury trial in this matter.

## IX. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have judgment against the Defendants jointly and severally, for the damages described herein, pre-judgment interest on the appropriate elements of damages at the legal rate for the time periods permitted by law; post-judgment interest at

the legal rate on the appropriate elements of damages for the time period permitted by law; costs of court as well as other relief, general or special, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled.

                Respectfully submitted,

                **JONES, GILLASPIA & LOYD, L.L.P.**

                4400 Post Oak Parkway, Suite 2360
                Houston, Texas 77027
                (713) 225-9000 – Telephone
                (713) 225-6126 – Facsimile

                By: /s/ *John Bruster Loyd*
                  John Bruster Loyd
                  Federal ID. No. 23240
                  State Bar No. 24009032
                  Email: bruse@jgl-law.com

                **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

   I hereby certify that on May 18, 2017 a copy of this document was filed electronically. Notice of this filing will be sent to Defendants counsel of record by certified mail return receipt.

Michael Goldsmith
Goldsmith Law Firm, P.C.
123 W. Madison St, 20th Floor
Chicago, IL 60602-4511

                By: /s/ *John Bruster Loyd*
                  John Bruster Loyd